# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>   Plaintiff,<br><br> v.<br><br>ENENMOH, et al.,<br><br>   Defendants.<br>_____/ | 1:10-cv-00816-OWW-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING EXHAUSTION<br><br>(Docs. 1, 4 and 13)<br><br>ORDER DIRECTING THE CLERK'S OFFICE TO SERVE COURTESY COPIES OF THIS ORDER ADDRESSING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF ON THE RECEIVER'S OFFICE |

  Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132, Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA).  Plaintiff filed his original complaint on May 11, 2010.  On page two of the form complaint, Plaintiff alleges that there is a grievance procedure available at his institution, but that the grievance process is not completed. (Doc. 1, Comp., p. 2).  On May 13, 2010 and on October 6, 2010, Plaintiff filed motions for Emergency Restraining Orders requesting that he be placed in a wheelchair accessible cell so as to prevent further injuries Plaintiff claims result from falling out of his wheelchair when he transitions into his non-wheelchair accessible cell.

  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. Where a prisoner asks for accommodation for an ADA disability, the filing of the "request for accommodation form" along with completion of the appeal process thereafter satisfies PLRA exhaustion. *Butler v. Adams*, 397 F.3d 1181 (9th Cir.2005).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

Since the failure to exhaust administrative remedies may implicate Plaintiff's requests for injunctive relief, and in light of Plaintiff's allegations regarding the injuries he suffered and will suffer as a result of not having a wheelchair accessible cell, the Clerk's Office shall serve a courtesy

copy of this order on the Receiver's Office. The Court requests that the Receiver's Office check into this situation to ensure that Plaintiff is not being arbitrarily denied of a wheelchair accessible cell without sound medical basis.

Therefore, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order.
2. The Clerk's Office SHALL serve courtesy copies of this order on J. Clark Kelso, Receiver, California Prison Health Care Receivership.

IT IS SO ORDERED.

Dated:   December 27, 2010

UNITED STATES MAGISTRATE JUDGE