# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | 1:10-cv-00816-OWW-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING MOTIONS FOR INJUNCTIVE RELIEF |
| v. | (Docs. 4, 13) |
| ENENMOH, et al., | |
| Defendants. | |

## I. Procedural Background

Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132, Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA). On May 11, 2010, Plaintiff filed his original complaint. (Doc. 1). On May 13, 2010, Plaintiff filed a motion for injunctive relief and on October 6, 2010, Plaintiff filed a renewed motion for injunctive relief. (Docs. 4, 13). On December 28, 2010, the Court issued an Order To Show Cause ("OSC") regarding whether Plaintiff exhausted his administrative remedies. On January 19, 2011, Plaintiff submitted a response to the OSC and demonstrated that he properly exhausted administrative remedies prior to filing suit. (Doc. 15).

## II. Motions for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of

1

right."  *Winter v. Natural Resources Defense Council, Inc*., 129 S.Ct. 365, 376 (2008)(citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id*. at 374 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id*. at 376 (citation omitted)(emphasis added).  The Ninth Circuit has made clear that "to the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable.*"* *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The moving party has the burden of proof on each element of the test.  *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Plaintiff has not met his burden as the moving party.  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  As the moving party, it is plaintiff who bears the burden, and the burden does not shift to defendants unless and until plaintiff's burden has been met.

For Plaintiff to prevail on his Eighth Amendment claim, he "must objectively show that he was deprived of something sufficiently serious, and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)(internal quotations omitted).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim,"

2

*Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Although a plaintiff may offer his lay opinion as to the symptoms he is experiencing (e.g., pain, swollen legs, headache, etc.), a plaintiff may not offer his opinion as to the underlying medical causes for his symptoms and problems or the appropriate testing and treatment. In addition to his own opinion, most of which is inadmissible, plaintiff has submitted documentary evidence in the form of medical records. However, plaintiff has not provided any qualified interpretation of the records, and the records themselves do not contain any plain statements that plaintiff is under significant threat of irreparable harm without the injunction. Moreover, Plaintiff has not submitted a chrono stating that Plaintiff is mandated to have a wheelchair accessible cell. Thus Plaintiff has failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits. Therefore, the Court, in its discretion, will deny the motion for a preliminary injunction.

Based on the above, the Court HEREBY RECOMMENDS:

1. that Plaintiff's motions for injunctive relief filed on May 13, 2010, and on October 6, 2010, be DENIED on the grounds that Plaintiff has not met his burden as the moving party.

///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:      February 24, 2011

UNITED STATES MAGISTRATE JUDGE